IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Abram D. Braveboy, ) ) Petitioner, ) ) v. ) ) ) Tonya James, Warden Kershaw ) Correctional Institution, ) ) Respondent. ) _____ ) | Civil Action No. 8:20-cv-3486-TMC  **ORDER** |

Petitioner Abram D. Braveboy, a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court dismiss the petition without prejudice and without requiring the Respondent to file an answer or return. (ECF No. 15). Petitioner filed objections to the Report. (ECF No. 20). The matter is now ripe for review.

## Background

Petitioner pled guilty to armed robbery, attempted armed robbery, and conspiracy to commit armed robbery, and on June 4, 2002, he was sentenced to 35 years' imprisonment. *State of South Carolina v. Braveboy*, Nos. 2001-GS-40-6475,

2001-GS-40-6474, 2001-GS-40-6656, 2001-GS-40-6473, 2001-GS-40-6715, 2001-GS-40-6653, 2001-GS-40-6652, Richland County Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last visited February 5, 2021).[1] (ECF No. 1). He did not file a direct appeal. On September 19, 2016, Petitioner filed an action for post-conviction relief ("PCR"). *See Braveboy v. State of South Carolina*, No. 2016-cp-40-05602, Richland County Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last visited Jan. 26, 2021). Petitioner claims that on January 11, 2017, the Richland County Court of Common Pleas granted him post-conviction relief ("PCR"), invalidated his sentence and adjudicated him a "freeman" in Petitioner's PCR action. (ECF Nos. 1 at 1–5; 4-1 at 6). Petitioner contends that, despite this adjudication, he has remained in the South Carolina Department of Corrections' ("SCDC") custody in violation of various constitutional rights, including those secured by the First, Eighth, and Fourteenth Amendments. (ECF No. 4-1 at 6). Petitioner further claims that, as a result of his continued incarceration, he has suffered false imprisonment, torture, mental anguish, emotional distress, and assorted other injuries. *Id*. at 7. Petitioner

---

[1] The court takes judicial notice of court and public records related to Petitioner's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records") (internal quotation marks omitted).

2

seeks an order from this court enforcing the purported January 11, 2017 order granting him PCR relief and directing that he be released immediately from custody. *Id*. at 1.[2]

The magistrate judge issued a Report recommending that Petitioner's § 2254 petition be summarily dismissed. (ECF No. 15). First, the magistrate judge found, based on the public documents on file in Richland County of which the magistrate judge took judicial notice, that Petitioner's convictions and sentence have not been invalidated. The magistrate judge concluded that "the PCR court has not invalidated Petitioner's convictions and sentence" and, in fact, "has not issued any final order in that action, or any order whatsoever." *Id*. at 5.[3] Accordingly, the magistrate judge determined that because his PCR action was still pending, Petitioner's claims based on a non-existent order granting post-conviction relief were frivolous. *Id*.[4] Furthermore, the magistrate judge found that Petitioner failed to exhaust his state

---

[2] Petitioner raised these same claims in an action filed in this court under 42 U.S.C. § 1983 which this court dismissed with prejudice and without issuance and service of process. *See Braveboy v. Key, et al*., No. 3:20-CV-3211-TMC, 2021 WL 272171, at *3 (D.S.C. Jan. 27, 2021).

[3] In dismissing Petitioner's prior § 1983 action, the court adopted the Report which found that Petitioner's PCR action was still pending and that "no order has been entered, let alone one invalidating his sentence." *Braveboy*, 2021 WL 272171, at *2.

[4] The magistrate judge noted that, in fact, Petitioner had previously filed three PCR actions in the Richland County Court of Common Pleas, each of which was dismissed by the PCR court. (ECF No. 15 at 5).

court remedies in view of the fact that his related PCR action was still pending. *Id*. at 6. And, finally, the magistrate judge concluded that, "even if Petitioner had exhausted his state court remedies, the present action would be barred by the applicable statute of limitations" because "Petitioner's conviction became final on June 14, 2002" but he did not file his first PCR application until May 4, 2002. *Id.* at 10. The magistrate judge noted that "[w]hen Petitioner filed his first state PCR action, 690 days had already lapsed after his conviction became final, exceeding the one-year limitations period applicable to this case." *Id*.

## Legal Standards

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the

district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## Discussion

In his objections, Petitioner claims that, because the Report is "unfit," he is entitled to have his case decided by a three-judge panel under 28 U.S.C. § 2284.

(ECF No. 20 at 5). Section § 2284, however, only applies to actions "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Therefore, this objection is wholly without merit and is overruled.

The remainder of Petitioner's objections simply repeat the allegations and arguments raised in his petition and state Petitioner's general disagreement with the Report without identifying any error in the magistrate judge's analysis. Restating arguments previously submitted to and rejected by the magistrate judge does not constitute a specific objection to the magistrate judge's Report, *see Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012), and objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court, *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009). Accordingly, the court need only review the remainder of the Report for clear error. *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the Report, and Petitioner's objections, the court finds no reason to deviate from the Report's recommended

disposition. The court, therefore, **ADOPTS** the magistrate judge's Report (ECF No. 15) and hereby **DISMISSES** the petition (ECF No. 1) without prejudice and without requiring the Respondent to file an answer or return.

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 8, 2021